OPINION OF THE COURT
Per Curiam.
Order entered March 17, 1986 affirmed, with $10 costs.
We affirm the order appealed from, substantially for the reasons stated by Judge Friedman in his opinions at the Civil Court (Amsterdam v Goldstick, 128 Misc 2d 374, on rearg 131 Misc 2d 131). The Housing Maintenance Code provision at issue requires that designated managing agents of multiple dwellings within the city "reside within the city or customarily and regularly attend a business office maintained within the city” (Administrative Code of City of New York § 27-2098 [a] [3]). What is sought in the legislative context of maintaining habitable residential housing within the City of New York is an authorized, responsible representative of the owner, present in the city and subject to the immediate jurisdiction of the regulatory agencies and the courts. The question whether compliance with this provision is bona fide in any particular case is one for the trier of facts to determine, and there is no reason on this record to disturb the finding below that appellant Greenberg was not qualified to act as managing agent. The court could fairly conclude, as a matter of fact and law, that Greenberg’s limited presence at the Manhattan law offices of a co-owner of the building premises, usually after regular business hours, for the purpose of handling cooperative sales and closings, and not for the purpose of attending to management problems in the buildings under his domain, does not comply with the letter or spirit of the code.
• We further agree, for the reasons stated below, that the code provision does not infringe upon Greenberg’s constitutional privileges and immunities as a citizen of the United States.
Riccobono, J. P., Sandifer and Parness, JJ., concur.